**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kathy Dietz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 8318 |
| | ) | |
| NCO Financial Systems, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Kathy Dietz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Kathy Dietz ("Dietz"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Illinois and 34 other states, NCO operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, NCO conducts business in Illinois.

6.      Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Dietz is a disabled woman, with limited assets and income, who fell behind on paying her bills.  When Defendant NCO began trying to collect a debt from Ms. Dietz, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8.      Accordingly, on August 4, 2011, one of Ms. Dietz's attorneys at LASPD informed NCO, in writing, that Ms. Dietz was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities because Ms. Dietz

2

was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9.     Nonetheless, Defendant NCO continued to call Ms. Dietz from telephone number 866-309-7623, including, but not limited to a telephone call on October 14, 2011, in an attempt to collect a debt.

10.     Accordingly, on October 14, 2011, one of Ms. Dietz's LASPD attorneys had to write to Defendant NCO again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Undeterred, Defendant NCO continued to call Ms. Dietz on October 19, 2011, October 20, 2011 and October 21, 2011, from telephone number 866-309-7623, in an attempt to collect the debt.

12.     Accordingly, on October 24, 2011, one of Ms. Dietz's LASPD attorneys had to write to Defendant NCO yet again to demand that it cease communicating with Ms. Dietz and to cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

13.     Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letters from Ms. Dietz's, agent, LASPD, told Defendant NCO to cease communications and cease collections (Exhibits C and D).  By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

18.     Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant NCO knew that Ms. Dietz was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C and D), that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with her.  By directly calling Ms. Dietz multiple times, despite being advised that she was represented by counsel, Defendant

NCO violated § 1692c(a)(2) of the FDCPA.

22.    Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable

for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15

U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Kathy Dietz prays that this Court:

1.    Find that Defendant NCO's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Dietz, and against Defendant NCO, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Kathy Dietz, demands trial by jury.

Kathy Dietz,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  November 21, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com